# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

August 13, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHARLES B. STEELE,**
**Claimant Below, Petitioner**

**vs.)     No. 13-0560** (BOR Appeal No. 2047977)
               (Claim No. 2012036579)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**UNITED STATES STEEL CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles B. Steele, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Brandolyn N. Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 17, 2013, in which the Board affirmed a December 20, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 6, 2012, decision and September 12, 2012, corrected decision which both denied Mr. Steele's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Steele worked for United States Steel Corporation as an underground coal miner. Throughout the course of his employment, he was exposed to the hazards of industrial noise and suffered significant hearing loss. On March 9, 1987, Mr. Steele filed an application for workers' compensation benefits based on his occupational hearing loss. The claims administrator rejected his claim because it was not timely filed. The claims administrator's decision was ultimately affirmed by the Board of Review on May 31, 1991. The Board of Review determined that Mr. Steele had been removed from underground mining work in 1954 because a physician for United States Steele Corporation found that he had occupationally related hearing loss. The Board of Review further determined that Mr. Steele was last exposed to the hazards of work-related noise on August 29, 1963. On May 19, 2012, Mr. Steele filed a second application for workers' compensation benefits based on his hearing loss. In his application, Mr. Steele alleged that he was last exposed to the hazards of industrial noise on December 31, 1955. He also alleged that he was made aware of his hearing loss in 1954. On June 6, 2012, the claims administrator rejected Mr. Steele's application. The claims administrator then issued a corrected decision on September 12, 2012, rejecting Mr. Steele's application because it was not filed within three years of his date of last exposure to occupational noise or three years from the date when he was made aware of his work-related hearing loss. On December 20, 2012, the Office of Judges affirmed both claims administrator's decisions. The Board of Review affirmed the Order of the Office of Judges on May 17, 2013, leading Mr. Steele to appeal.

The Office of Judges concluded that Mr. Steele did not file a timely application for workers' compensation benefits based on noise-induced hearing loss under West Virginia Code § 23-4-15(c) (2010). The Office of Judges determined that Mr. Steele was last exposed to occupational noise that could have caused his hearing loss in 1955. It also determined that he was diagnosed with hearing loss in 1954 and should have reasonably know if it was related to his work at that time. Based on these findings, the Office of Judges determined that Mr. Steele's application was not filed within the three years statute of limitation provided under West Virginia Code § 23-4-15(c). The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Steele's application for workers' compensation benefits was not timely filed under West Virginia Code § 23-4-15(c). Although the record in the case is sparse, it is clear that Mr. Steele did not file his application within three years of his last date of exposure to work-related noise or the date when he first became aware of his work-related hearing loss. Mr. Steele's application for workers' compensation benefits based on his hearing loss is time barred.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   August 13, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II